### COUCH *against* MEEKER.

To a promissory note given by *A.* to *B.* there was annexed this condition—*that* A. *having this day bargained his* Starr *farm,* (*so called,*) *to* B.—*now if* A. *stands to the bargain, the note is to be void—if not, it is to stand in full force.* In an action on the note, to which *non-assumpsit* was pleaded it was held, that the statute of

THIS was an action on a promissory note, for 500 dollars, dated the 14th of *March,* 1816, and payable to the plaintiff, on demand.

The defendant pleaded, 1st, *non assumpsit,* on which issue was joined ;  2dly, that there was a condition endorsed on the note in these words : " The condition of the within note is such, that the said *Meeker* hath this day bargained his *Starr* farm (so called) to the said *Couch ;* now, if the said *Meeker* stands to the bargain, the within note is to be void ; if not, then the within note is to stand in full force :" and the defendant averred, that he had fully kept and performed the said condition.

To the second plea, the plaintiff replied, that on the 14th of *March,* 1816, it was agreed between the plaintiff and defendant, that the defendant should convey to the plaintiff the *Starr* farm, mentioned in the condition, and that the plaintiff, in consideration thereof, should give and deliver over to

frauds and perjuries did not preclude the plaintiff from proving, by parol evidence, that the note was delivered as an escrow, what were the conditions on which it was to take effect, and that they were performed; though such conditions respected a parol contract for the sale of lands : the object and tendency of such evidence, not being to support an action on a parol contract for the sale of land, but to shew that a written contract to pay money had taken effect.

An escrow takes effect instantly, upon the performance of the condition, without any formal act of delivery over, by the depositary.

the defendant three promissory notes of one *Sherwood*, amounting to 4,500 dollars, and the defendant's own notes for 2,500 dollars ; that to compel the defendant to fulfil and comply with this agreement, the defendant executed the note in suit, with the condition thereto annexed ; that the defendant had not kept and performed the condition, but had broken the same, and had not stood to said bargain, and had never conveyed said farm to the plaintiff, but had neglected and refused to do the same ; and that the plaintiff had, in all respects, complied with and fulfilled said bargain on his part.

The defendant, in his rejoinder, traversed this replication ; on which issue was joined.

On the trial, the plaintiff proved, that the note in suit was signed by the defendant, and put as an escrow into the hands of one *Benjamin Meeker,* together with a certain other note, signed by the plaintiff, payable to the defendant, each having the same written condition *mutatis mutandis,* to be delivered, by the depositary, in pursuance of the mutual consent and agreement of the parties, to the party that should fail to fulfil the condition. The plaintiff then offered parol evidence to shew what bargain was meant in the condition, and the terms of it ; that it had not been fulfilled by the defendant ; but that the plaintiff had, in proper time and manner, offered to fulfil on his part. The defendant objected to the admission of this evidence on either issue ; but the court decided, that it was admissible on each issue respectively. It also appeared, that the note had never been delivered over to the plaintiff ; but the depositary brought it into court. The defendant thereupon claimed, that the court should instruct the jury, that the plaintiff, for this reason, could not recover. But the court charged the jury, that if they should find the facts set forth in the plaintiff's replication to be true, they must find a verdict in his favour on both issues. The jury accordingly found a verdict for the plaintiff, on both issues ; and the defendant moved for a new trial. The questions of law arising on this motion, were reserved for the consideration and advice of the nine Judges.

*Sherman* and *Chapman* argued in support of the motion. The points discussed, and the topics of argument urged, are sufficiently noticed in the opinions of the Judges. They referred to *Rob.* on *Frauds,* 10. 105. 108. *Shep. Touch.* 59.

*N. Smith* and *Bissell,* contra.

SWIFT, Ch. J.　The question in this case, is, whether the contract is within the provisions of the statute against frauds and perjuries.

The statute is, that no suit in law or equity shall be brought or maintained upon any contract or sale of lands, or any interest in or concerning them, unless the agreement upon which such action shall be brought, or some memorandum or note thereof, shall be made in writing, and signed by the party to be charged therewith, or some other person by him authorised.　This statute only requires, that the agreement on which the action is brought, should be in writing.　This action is brought on a written obligation, complete in itself; and is warranted by a literal construction of the statute. Though it was delivered as an escrow, to take effect on the performance of certain conditions, which amounted to a contract for the sale of lands; yet such conditions are not required by the terms of the statute, or any construction ever given it, to be in writing.　These conditions are not part of the written contract, but only the terms upon which it was to take effect, or not; the proof of them, then, is necessary only to prove the execution of a written contract.　The proof of the execution of a written contract must be by parol; and it might as well be said, that parol proof is not admissible respecting the delivery of a deed conveying lands, as to say it cannot be admitted respecting the performance of the conditions, on which such deed is to operate; for in both cases, it is no more than proving the execution of the contract; and it has often occurred, that deeds conveying lands have been delivered as escrows upon parol conditions, and they have never been considered as void by the statute of frauds and perjuries.

It has been argued, that this is in substance an action to recover damages for the breach of a parol contract for the sale of lands, though it is in form an action on a written contract.　Admitting this to be true, there was, in substance, a written contract to pay a certain liquidated sum in damages, in case a parol contract for the sale of lands should not be performed.　It is on this written contract, that this action is founded; and is, of course, strictly conformable to the requirements of the statute.

It has been insisted, that a court of equity could not have decreed a specific performance of the parol contract for the sale of the land in question ; and that, of course, a court of law cannot give damages for the non-performance of it. It will be conceded, that equity could not have interposed, and compelled a specific performance of the bargain for the sale of the farm ; for this rested in parol, and the note did not specify the terms of it. But there is no rule that a court of law will not give damages for the breach of a contract respecting the sale of lands, which equity cannot enforce. Of course, this mode of reasoning cannot be applicable to the case in question. It is said, that written conditions were annexed to the note, different from the parol conditions ; and that proof could not be admitted respecting such parol conditions. But the efficacy of the note depended solely on the parol conditions, on which it was delivered as an escrow. Of course, it operated when these were performed ; and the written conditions were immaterial. And though it was not formally delivered over, by the depositary, to the plaintiff ; yet it took effect in his hands, the instant the conditions were performed, without any formal act of delivery on his part.

It was, then, proper to admit the plaintiff, on the general plea of *non assumpsit*, to prove that the note was delivered as an escrow ; and that the events had happened, or that he had performed the conditions, on which the note was to take effect, though these respected a parol contract for the sale of lands ; for this was only proving the execution of the note, and such conditions are not within the statute.

As the plaintiff is entitled to judgment on the general plea, the questions arising on the special plea are immaterial.

I would not advise a new trial.

GOULD, J. That the evidence, to which the defendant objected at the trial, was admissible, under the first issue, admits, I think, of no doubt. For under that issue, it goes, not to the terms, or the operation, of the written instrument, nor to the condition, upon which it was to become void, or remain in force ; but, to the contingency, or event, upon which it was to be *delivered over*, by the depositary, to the plaintiff, as the deed of the defendant. In the depositary's hands it was an *escrow* ; such instruments, when delivered,

being, here, specialties : And the condition, on which an escrow is to be delivered over, is always, like the act of signing or sealing, an extrinsic fact, in its nature proveable by parol, like any other matter in *pais*. And if the proof, necessary to this end, should happen to involve evidence of a parol agreement, respecting an interest in land ; this circumstance cannot vary the rule. For the object and effect of the evidence are, not to enforce the latter agreement ; but to show, whether the written instrument is, or is not, the deed of the defendant.

Whether the evidence was admissible, under the second issue, was the principal question, made at the trial ; but, as I view the case, it is not necessary to decide that question, for the purpose of disposing of the present motion. The performance of a condition, annexed to a deed, is, like its execution, or delivery, an extrinsic fact, and regularly proveable, like any other such fact. And if performance of the written condition, in this case, was legally proveable, *at all ;* the parol agreement, to which it refers, must have been so : For the fact of performance, or non-performance, could be proved, in no other possible way. The written condition, taken *by itself*, is utterly vague and unintelligible ; and, of course, void, for uncertainty, unless it can be aided *by* proof of the parol agreement, to which it refers. For it does not show, by *what act*, or in *what event*, the note is defeasible. It is, then, a condition, by which, with the aid of the parol agreement, the note might, in some event, be defeated ; or it is void for uncertainty. If the note could, in any way, be defeated, by the condition ; it could be only by the defendant's setting out the extrinsic agreement, and showing performance of it. And if the defendant could do this, the plaintiff might, of course, prove the same agreement, in support of his replication, for the purpose of showing, that it had *not* been performed : And upon this supposition, the evidence was properly admitted. If, on the other hand, the defendant could not legally prove performance, in this manner ; it must be, because the condition is void for uncertainty, and cannot be made good, by proof of the parol agreement : Upon which supposition, the note is, in law, *unconditional*, like a single bill ; and the plaintiff must be entitled to recover. It must necessarily be, therefore, either that the note is *absolute* in law, or, that the plaintiff was at liberty to prove the extrinsic agreement : And upon either supposition, the plaintiff has

a right of recovery. A new trial would, therefore, be to no purpose. And if so, the motion, which is but an application to the discretion of the court, ought not to prevail.

The case may still be presented in a different view, which will lead to the same result. Though the present question does not arise upon the pleadings, it is material to observe, that the second plea is radically bad. The defendant should have pleaded performance, if at all, *specially,* by showing, specifically, what he was bound to perform, to defeat the note, and alleging specific acts of performance. A *general* plea of performance, is allowed, only by way of exception to the general rule, to avoid *great prolixity,* or what has sometimes been called " infiniteness," in the pleadings. *Cro. Eliz.* 749. 916. 1 *Term Rep.* 753. And this exception obtains, only where the acts, to be done in performance, appear, from the nature of the case, to be very multifarious : As upon a sheriff's bond, conditioned, that he shall faithfully discharge all the duties of his office ; the bond of an administrator, well and truly to administer, according to law ; and in similar cases. The condition, in the present case, is clearly, not within the exception. But even if it were, the second plea would still be incurably defective : For it shows, neither what the defendant *has done,* nor what was *necessary to be done,* to perform the condition. In common language, it may be paraphrased thus : " There is indorsed upon the note, a condition, that if I would do *a certain act,* the note should be void ; and I have done the act." The plea and the written condition, recited in it, are both, essentially, as vague as this. The defect in the plea, therefore, is plainly, not in *stating* the defence, but in the *defence itself ;* that is, in the total want of any intelligible defence : And that, in law, is no defence at all. If, therefore, the second issue had been found for the defendant, and judgment rendered upon it, in his favour ; the judgment would, unquestionably, have been erroneous. For it would be impossible for the court to presume, that performance of the undefined act, mentioned in the plea, had been proved to the jury ; because, no particular act could be legally proved, under such an utterly indefinite allegation.

I have made these remarks upon the second plea, to show, in a further and distinct point of view, that a new trial could answer no purpose for the defendant. Suppose it granted ;

*Hartford,*
November,
1817.

Couch
*v.*
Meeker.

and what would be the consequence? As it is incumbent on the defendant to show a performance of the condition, his second plea would either remain as it is, or be altered by inserting a recital of the agreement, to which it refers, and a new special allegation of performance. If not altered, it would be, of course, totally void of substance, as it is; and no judgment upon it, in the defendant's favour, could stand. Indeed, it is very apparent, that to frame a good plea, upon the written condition *alone*, would be impossible. If, on the other hand, the plea should be altered, the alteration would be to no purpose, unless the defendant could be permitted to prove the extrinsic agreement, in order to prove performance. And if this could be permitted, in favour of the defendant; it cannot be denied, that the plaintiff was properly allowed to do the same thing, to rebut the claim of performance, or to show non-performance. It is apparent, therefore, as well in this view of the case, as in the former, that a new trial would be useless.

It has been objected, that for aught the court can know, the agreement, referred to, in the written condition, may itself have been in writing, and different from that proved by the plaintiff's testimony. The obvious answer is, that, if there was such an agreement; the defendant should have pleaded and proved it. To avail himself of this objection, he must take advantage of his own mispleading—and this he cannot do.

But it is said, that, upon a bill in chancery, stating the note, the condition indorsed, and the parol agreement referred to, a specific performance of the agreement could not be decreed—because it is not in writing: and this is undoubtedly true. It is then asked, can there be a recovery at law, when there could, confessedly, be none in equity? Most certainly there may be. Where equity interposes, by decreeing specific performance of a bond, for the conveyance of an interest in land, the *condition* is regarded as the substance of the agreement, or contract, and the penalty, as merely *in terrorem*. If, therefore, as in this case, there is no intelligible *written condition*; there is no definite written *agreement*; performance cannot be decreed, under the statute of frauds and perjuries. But at law, the *penal* part of the instrument is the foundation of the action. And in this case, for the purpose of the present question, the note, which is complete

in itself, is the penal part. The condition is only matter of defence; and if it is wholly uncertain, and void, the penal part is, in law, absolute, and a recovery must be had upon it. A similar distinction prevails, between debt on a penal bond, and covenant broken, though both are actions at law. If an impossible condition is underwritten, or indorsed, upon a bond; the obligation is, in law, single—and in an action of debt, the obligee may recover, upon a single bill. But if the instrument had been in the form of a *covenant*, with the same condition *incorporated* with it; neither an action of covenant broken, nor any other, could be maintained upon it. *Pullerton* v. *Agnew*, 1 *Salk.* 172. 1 *Pow. Cont.* 267. This last objection, therefore, furnishes no support to the motion.

The other Judges were of the same opinion.

New trial not to be granted.