## SAMUEL TRUMBULL *vs.* THOMAS O'HARA.

First Judicial District, Hartford, October Term, 1898. ANDREWS, C. J., TORRANCE, BALDWIN, HAMERSLEY and HALL, JS.

Although parol evidence is inadmissible to show that an absolute promise contained in a binding written instrument sued upon, was in fact a conditional promise, yet such evidence is competent to prove the conditional delivery of the writing, under the terms of which the instrument has not become operative or obligatory upon the parties.

In an action by the payee of a note against the maker, the latter pleaded and offered evidence tending to prove that the note had been given for a horse which the plaintiff had placed in the defendant's possession to use until he was satisfied that the animal was sound and all right, as warranted by the plaintiff, and, if he proved otherwise, that the defendant might return him and get back his note; that the horse proved to be unsound and worthless, and was returned by the defendant who thereupon demanded his note. To rebut the conditional delivery claimed, the plaintiff, without objection, introduced evidence tending to show that the horse was owned by one *S*, who authorized the plaintiff to sell it to the defendant; that he, the plaintiff, held *S's* note, upon which they had agreed that the price of the horse, when sold to the defendant, should be indorsed; and that such indorsement was made when the defendant gave to the plaintiff the note in suit. *Held* that in connection with this evidence, and as part of it, the note of *S* with the indorsement thereon was relevant and admissible.

In this State the rule is well settled that where specific, ascertained per-

Trumbull *v.* O'Hara.

sonal property is sold and delivered with a warranty, the vendee has no right to rescind the contract and return the property for a mere breach of the warranty; unless, indeed, there was an express agreement to that effect between the parties.

Argued October 4th—decided November 11th, 1898.

ACTION to recover the amount of a promissory note, brought to the Court of Common Pleas in Litchfield County and tried to the jury before *Welch, J. ;* verdict and judgment for the defendant, and appeal by the plaintiff for alleged errors in the rulings and charge of the court. *Error and new trial granted.*

The substance of the complaint is that on the 19th day of April, 1893, by his promissory note of that date, made at Litchfield in this State, the defendant promised to pay to the plaintiff, three months after date, at the First National Bank of said Litchfield, the sum of $110, and that he had failed and neglected to pay said note.

The answer, as finally amended, consisted of three defenses : (1) a general denial; (2) that the note was without any consideration ; and (3) a special defense as follows : " 1. On April 19th, 1893. the plaintiff bargained with and sold to the defendant a certain horse, for the sum of $110, upon the agreements and conditions hereinafter set forth. 2. The plaintiff at the time of said sale represented and warranted said horse to the defendant to be sound and all right in every way. 3. Said bargain and sale was made and the said note set forth in the plaintiff's complaint was then and there executed and delivered to the plaintiff, upon the condition that the defendant should take said horse into his possession and use him until he was satisfied that he was sound and all right in every way, and if after such usage he should find said horse was not sound and all right as represented and warranted by the plaintiff, the defendant should return said horse to the plaintiff and the plaintiff should thereupon give up said note to the defendant. 4. In pursuance of said agreement the defendant then took said horse into his possession, and delivered to the plaintiff said note. 5. Said

horse was not sound and all right in every way, but was 'short forward' and lame in both fore feet and legs, and was thereby rendered worthless to the defendant. 6. On May 24th, 1893, the defendant, in pursuance of the conditions of said agreement, returned said horse to the plaintiff and delivered him into his possession at Litchfield. 7. On said 24th day of May, upon the return of said horse to the plaintiff, the defendant demanded of the plaintiff said note."

In his reply the plaintiff denied the matter set up in the second defense, and also all the allegations of the third defense, except so much of paragraph five " as alleges that defendant took said horse into his possession and that he delivered the note to the plaintiff," which was admitted.

Such other parts of the record as it is deemed necessary to state, are sufficiently set forth in the opinion.

*Leonard J. Nickerson* and *John T. Hubbard*, with whom was *Charles D. Burrill*, for the appellant (plaintiff).

Evidence of an agreement that the defendant might take the horse and try it, and if not satisfactory, return it and get back the note, directly varied and did away with the material parts of the note. It reduced it from an absolute promise to pay $110 three months from date, to a conditional promise to pay or not, as the defendant pleased. *Isaac* v. *Elkins*, 11 Vt. 679; *Bradley* v. *Bentley*, 8 id. 243; *Hatch* v. *Hyde*, 14 id. 25; *Reed* v. *Wood*, 9 id. 285; *Gillett* v. *Ballau*, 29 id. 296; *Morse* v. *Low*, 44 id. 561; *Gates* v. *Moore*, 51 id. 221; *Walker* v. *Crawford*, 56 Ill. 449; *Dale* v. *Gear*, 38 Conn. 17; *Pierpont* v. *Longden*, 46 id. 500. There is no breach of warranty set forth in the answer, upon which a claim for damages can be founded. If the defendant returned the horse he could only do so by virtue of an agreement. The bare fact of a breach of warranty did not permit of his returning the property and thus avoiding his note. While the defendant might have a right of action on a breach of warranty, it could not be said that such breach of itself relieved him from the payment of his note. *Scranton* v. *Mechanics' Trading Co.*, 37 Conn. 134; 28 Amer. and Eng. Ency. of Law, 816, " Rescission."

*William H. O'Hara* and *Arthur D. Warner*, for the appellee (defendant).

The parol evidence was admissible to prove: Want of consideration under the second defense; to prove warranty and conditional sale under the third defense; to prove conditional delivery of note; to prove breach of warranty and rescission of sale. *Lawrence* v. *Stonington Bank*, 6 Conn. 521, 525; *Cook* v. *Mix*, 11 id. 432, 439; *Pottle* v. *Thomas*, 12 id. 565, 569; *Bristol* v. *Warner*, 19 id. 7, 18; *Bunnell* v. *Butler*, 23 id. 65, 68; *Sharpe* v. *Collender*, 56 id. 489, 490; *Barnes* v. *Shelton*, Harp. L. (S. Car.) 33; *Young* v. *Newark Fire Ins. Co.*, 59 Conn. 41, 49; *McFarland* v. *Sikes*, 54 id. 250; *Bulkley* v. *Morgan*, 46 id. 393, 394; *Buckingham* v. *Osborne*, 44 id. 133, 139; 1 Benj. on Sales, § 888, note *a*. The gist of the plaintiff's request to charge was, that the defendant had no legal right to return the horse and refuse payment of the note unless he did so in pursuance of an agreement proved by a fair preponderance of evidence. In regard to all the requests of the plaintiff to charge, the court gave the jury instructions correct in law, adapted to the issues, and sufficient for their guidance; and therefore it was not error to decline to charge as requested by the plaintiff. *Hartford* v. *Champion*, 58 Conn. 268. The Swanson note was offered by the plaintiff for the purpose of *sustaining his own testimony* already given upon that point. It does not appear that the claimed indorsement was made in defendant's presence, or that he ever saw the note in question. Under these circumstances this evidence was properly rejected.

TORRANCE, J. The errors assigned upon this appeal are sixteen in number, but for convenience in discussion they may be divided into: (1) those which relate to the admission of parol evidence which the plaintiff claimed contradicted and varied the note sued upon; (2) those which relate to the exclusion of certain evidence; (3) those which relate to the charge to the jury; and they will be considered in the order here stated.

Upon the trial of this case in the court below the defend-

ant offered parol evidence in support of his second and third defenses. As we understand the record upon this point, the plaintiff objected to any parol evidence in support of the allegations contained in the third defense, on the ground that such evidence contradicted and varied the note sued upon, and was for that reason inadmissible.

This objection proceeds upon the assumption that the note in suit, when handed to the plaintiff, became a binding contract, and that the defendant was seeking to show that the absolute promise contained in it was in fact a conditional promise. On this assumption the objection was well taken ; for, to state this matter in the ordinary way, the law will not permit you to prove by parol evidence, for the purpose of contradicting or varying the terms of a binding written instrument sued upon, that an absolute promise contained in it was, and was intended to be, in fact a conditional one. In such a case it is perhaps more correct to say that the law does not permit the defendant to avail himself of such a defense to the writing sued upon, and therefore excludes evidence of such defense as of no importance, rather than to say that such a defense cannot be proved by parol evidence.

On the other hand, if the averments in the third defense were such as to justify the defendant in making the claim that the paper which such defense calls a note, never was a binding contract at all, but was delivered on condition that it should not become a binding contract until he became satisfied that the horse was what it was warranted to be, or until a reasonable time for him, if dissatisfied, to return it, had elapsed without any such return, then evidence in support of such claim was properly admissible. It would go to show, not a parol agreement that an absolute promise contained in a binding note was in fact a conditional one, but that the note sued upon was delivered upon certain conditions which had not been fulfilled, and so it never became operative as a note,—its obligation never commenced. These facts, if true, constitute a complete bar to an action upon the note, for they show that it never became a promissory note binding upon the defendant. The parol evidence objected to, in this view of the

case, did not contradict nor vary the terms of the note in suit; it merely went to show that although the note sued upon was in form a complete note, and had been delivered to the plaintiff, nevertheless as the delivery was conditional, the note never became binding upon the defendant. Such a defense is always available to the defendant in a case like this, and he is at liberty to prove it by parol evidence. In such cases the so-called "parol evidence rule," invoked by the plaintiff, has no application.

"The manual delivery of an instrument may always be proved to have been on a condition . . . to avoid its effect. This is not to show any modification or alteration of the written agreement, but that it never became operative, and that its obligation never commenced." *Wilson* v. *Powers*, 131 Mass. 539, 540. "Parol evidence is admissible to show that a written paper which, in form, is a complete contract, of which there has been a manual tradition, was, nevertheless, not to become a binding contract until the performance of some condition precedent resting in parol." *Reynolds* v. *Robinson*, 110 N. Y. 654. "The distinction in point of law is that evidence to vary the terms of an agreement in writing is not admissible, but evidence to show that there is not an agreement at all is admissible." *Erle, J.,* in *Pym* v. *Campbell*, 6 E. & B. 370, 373.

In cases of this kind, the condition or conditions upon which the writing is to become obligatory, are not part of the writing, but only the terms upon which it is or is not to take effect.

In our own State the law is well settled that the delivery of a note may be conditional, as to be operative only upon the occurrence of a certain event; that in such case there is no complete, binding delivery until the condition is fulfilled; and that parol evidence of such conditional delivery is admissible. *Couch* v. *Meeker*, 2 Conn. 302; *McFarland* v. *Sikes*, 54 id. 250; *Young* v. *Newark Fire Ins. Co.*, 59 id. 41. To the same effect are the following cases: *Eastman* v. *Shaw*, 65 N. Y. 522; *Benton* v. *Martin*, 52 id. 570, 574; *Beall* v. *Poole*, 27 Md. 645; *Leppoc* v. *Nat. Union Bank*, 32 id.

**136**; *Whitford* v. *Laidler*, 94 N. Y. 145; *Bissenger* v. *Guiteman Bros. & Co.*, 6 Heisk. 277; *Westman* v. *Krumweide*, 30 Minn. 313.

Whether the third defense, as pleaded, could properly be construed as sufficient to let in evidence of this description, was a question not fully argued before us, and which it is unnecessary to determine, since on another ground there must be a new trial.

When the defendant had put in his evidence in support of his two special defenses and rested, the plaintiff offered certain evidence in rebuttal. That evidence was to this effect: that the defendant in fact purchased the horse in question in this case in April, 1893, from one Swanson, and not from the plaintiff; that Swanson was the real owner of the horse, but had authorized the plaintiff to sell it to the defendant; that the plaintiff at this time held a certain promissory note of Swanson's given for money due the plaintiff from Swanson, upon which note, the plaintiff and Swanson had agreed, that the price of the horse to be sold to the defendant should be applied in part payment; that the plaintiff and defendant had agreed, when the note in suit was given, that the amount of said note should be indorsed on the Swanson note as part payment thereof; and that the plaintiff, in pursuance of this agreement had, on the delivery of the note by the defendant, given Swanson credit for the amount of the note, and had indorsed the amount of the note in suit upon the Swanson note as a part payment thereof.

All this evidence appears to have been admitted without objection on the part of the defendant, not to prove that Swanson had sold the horse to the defendant, but as bearing upon the improbability of the evidence given in support of the facts set up in the two special defenses.

In connection with this evidence, and as a part of it, the plaintiff offered in evidence the Swanson note with the indorsements thereon, for the purpose of showing that he had in fact credited Swanson on said note with the amount of the note in suit, as he had agreed to do with defendant and Swanson. The defendant objected to the admission of the

note, and the court excluded it. The ground of the objection does not appear.

In excluding the note with its indorsement, as evidence, we think the trial court erred. All this rebuttal evidence, including the indorsement upon the note, was relevant upon the question whether the note in suit had been delivered upon any such terms and conditions as were set up and relied upon by the defendant. If true, it furnishes some basis for an inference that the sale of the horse to the defendant was an absolute sale, and the delivery of the note an absolute and not a conditional one. The weight of the evidence was of course a matter for the jury to consider. The evidence excluded logically tended to aid the jury in the determination of the issues submitted to them and, unless excluded by some rule or principle of law, was admissible; *Plumb* v. *Curtis*, 66 Conn. 154, 156; and we know of no rule or principle of law that required its exclusion.

The assignments of error relating to the charge of the court are somewhat numerous, but it will be unnecessary to consider more than one of them.

The plaintiff asked the court to instruct the jury to this effect: that the defendant had no right to return the horse to the plaintiff and refuse payment of the note, unless there was an agreement to that effect between the plaintiff and defendant; that if the sale was upon a warranty and there had been a breach of the warranty, this of itself would not give the defendant the right to rescind the contract of sale and return the horse.

With reference to this request the court said to the jury this: "I decline to charge you in accordance with this request, for the reason that the claim seems to be quite involved and complicated, and I am anxious that the jury should not be confused with regard to any issues arising in this case; but I do charge you that if you find that the plaintiff tells the truth, the defendant had no right and authority to return the horse and refuse payment, and if the defendant tells the truth the defendant had the right and authority to return the horse and refuse payment." The request of the

plaintiff should have been complied with, in substance. Upon the evidence the jury might find that the horse had been sold with a warranty, that there had been a breach of the warranty, but that there had been no agreement that the horse in that case might be returned. It was to meet this possible conclusion of the jury that this request was made.

In this State the law is well settled that where specific, ascertained personal property is sold and delivered with warranty, without more, the vendee has no right to rescind the contract and return the property for a mere breach of the warranty. *Scranton* v. *Mechanic's Trading Co.*, 37 Conn. 130 ; *Buckingham* v. *Osborne*, 44 Conn. 133.

This seems to be the rule in England, and in most of the United States. Tiffany on Sales, p. 243, and cases cited. The trial court, in effect, refused to instruct the jury as to the law upon this point, and in this we think that court erred. The instruction given upon this point was not only quite insufficient, but was liable to mislead the jury to the prejudice of the plaintiff. Because of this error in relation to the charge, and of the error in excluding the Swanson note, we think a new trial should be granted. In this view of the case it would not be profitable to discuss or consider the other errors assigned, based upon the charge to the jury. Some of them are **not** supported by the record, and most if not all of them relate to matters not likely to give rise to further question upon a re-trial.

There is error and a new trial is granted.

In this opinion the other judges concurred.