HARRY SCHINE *vs.* DAVID J. JOHNSON ET UX.

Third Judicial District, Bridgeport, April Term, 1918.
PRENTICE, C. J., RORABACK, WHEELER, BEACH and SHUMWAY, Js.

The rule is well settled that oral evidence is inadmissible to prove that an absolute, unconditional indorsement of a promissory note was intended and understood by the immediate parties thereto to be one "without recourse"; nor is such evidence admissible under the guise or theory of proving a conditional delivery of the note, since the condition thus sought to be shown in defense is in reality one attached to the contract itself and not to the delivery of the instru-

ment. If such a mutual mistake was in fact made, the defendant might have applied to a court of equity to reform the contract of indorsement by inserting therein the words "without recourse."

Argued April 10th—decided May 28th, 1918.

ACTION by the indorsee against the indorsers of a promissory note, brought to and tried by the Court of Common Pleas in Fairfield County, *Walsh, J.;* facts found and judgment rendered for the plaintiff for $631, and appeal by the defendants. *No error.*

The note in suit was for $600, with interest at the rate of five per cent, payable in semiannual instalments of $50 each to the order of the defendant David J. Johnson, and contained an agreement that if any semiannual payment remained unpaid when due the whole unpaid principal should become due and payable on demand.

The complaint alleged that David J. Johnson indorsed the note to the other defendant, Clara L. Johnson, who indorsed it to the plaintiff; that the semiannual payment due June 1st, 1914, was not paid when due, though demanded; that notice thereof was duly given to the defendants; and that there was now due the plaintiff on said note $550 with interest.

The answer alleged that at the time the note was indorsed to the plaintiff the defendants were indebted to the plaintiff on another note on which a balance of $450 was due and payable; that the plaintiff agreed, in consideration of the delivery of the note in suit and other valuable consideration, to accept the note in suit and to look to the security for its payment, and not to hold the defendants liable thereon. In another paragraph it is alleged that the defendants paid $75 in cash and interest and delivered the note in suit to the plaintiff, upon the condition that the plaintiff should accept the same in satisfaction of the former note, and that he

would not hold the defendants liable on their indorsements. The reply to this answer was a general denial.

At the trial the defendants offered parol evidence of the agreements and conditions alleged in the answer, which was objected to, ruled out, and exceptions taken.

*John C. Chamberlain* and *Elbert O. Hull,* for the appellants (defendants).

*Thomas M. Cullinan,* for the appellee (plaintiff).

BEACH, J. The Negotiable Instruments Act provides that as between the immediate parties to the instrument "the delivery may be shown to have been conditional, or for a special purpose only, and not for the purpose of transferring the property in the instrument." General Statutes, § 4186. This was so before the Act. *McFarland* v. *Sikes,* 54 Conn. 250, 7 Atl. 408; *Trumbull* v. *O'Hara,* 71 Conn. 172, 177, 41 Atl. 546. In this case there is no question but what the delivery was for the purpose of transferring the property in the instrument, for the note in suit was given and received in part payment of an outstanding promissory note which was received back by the defendants for cancellation; and the answer alleges that the intent of the transaction was to make the note available to the plaintiff at once as an obligation of the makers. To that extent the delivery was absolute and unconditional.

Was there a conditional delivery of the instrument so far as the contract of indorsement was concerned? We think not. The conditional delivery of a written contract necessarily implies that the delivery may become absolute and the contract obligatory according to its terms, in case the condition precedent is performed or broken as the case may be. Thus in *McFarland* v. *Sikes,* 54 Conn. 250, the condition on which

the note was delivered to the plaintiff's attorney was that if the defendant failed to appear upon a certain day the note was to become effective as a note according to its tenor. Here, however, the alleged condition is that the contract of indorsement, though absolute in form, was never to become operative at all; and so it is evident that the defendants are seeking to attach a condition to the contract itself which is not therein expressed, and are not seeking to attach the condition to the delivery of the contract.

Their real defense is that they never contracted as written, and that the indorsements, although absolute in form, were intended by both parties to be indorsements without recourse. Assuming that to be so, it is too well settled for discussion that the contract which the law implies from an unconditional indorsement cannot be varied or contradicted by parol evidence, in defense of an action on the note. *Burns & Smith Lumber Co.* v. *Doyle*, 71 Conn. 742, 43 Atl. 483.

If it is true, as claimed, that the plaintiff is fraudulently attempting to take advantage of a contract which neither the plaintiff nor the defendants intended to enter into, the proper remedy is to appeal to a court of equity to have the contract reformed by inserting the words "without recourse" in the indorsement.

There is no error.

In this opinion the other judges concurred.