BRADFORD KLOCK, ADMINISTRATOR (ESTATE OF ADA C. HOWES) *vs.* EDWARD C. PIERSON ET AL.

MALTBIE, C. J., HINMAN, AVERY, BROWN and JENNINGS, Js.

Argued November 2d—decided December 21st, 1937.

*Samuel R. Sallick,* for the appellant (plaintiff).

*Leonard McMahon,* for the appellees (defendants).

JENNINGS, J.   The finding, with such corrections as the evidence, received at the trial, justifies, discloses the following facts: Ada C. Howes, the plaintiff's intestate, was the aunt by marriage of the defendant Edna Pierson and held the latter in her affectionate esteem.   Mrs. Howes lived in Brewster, New York,

and Mrs. Pierson in Danbury. In May, 1931, Mrs. Howes sent for her niece, told her her uncle's estate had been settled and that she would like to give her some of the money so that she could build a home of her own. As a result of other visits, Mrs. Howes, on September 15th, 1931, went with Mrs. Pierson to the bank in Brewster and gave her $2500 with the understanding that if she, Mrs. Howes, ever needed a home or support the defendants would take care of her. The money was Mrs. Pierson's, to do with as she saw fit. At the request of Mrs. Pierson, an employee of the bank drew up an instrument, printed in the footnote, which was executed and delivered to Mrs. Pierson. Thereafter this instrument was in the physical possession and control of Mrs. Howes until her death. No principal or interest was ever demanded or paid.

The first assignment of error relates to the overruling of the demurrer to the second defense. The demurrer was addressed to both the second and third defenses and the claim which the plaintiff makes under this assignment arose under the allegations of the third defense and so, strictly, is not before us.

---

EXHIBIT A

Brewster, N. Y. September 15th, 1931

$2500.00 on demand after date we promise to pay to the order of Ada C. Howes Twenty five Hundred .........00/100 Dollars at the residence of Ada C. Howes, Brewster, N. Y.

Value received. Interest 5%

EDWARD C. PIERSON,

MRS. EDWARD C. PIERSON.

No.         Due

(Endorsement on back of note)

Brewster, N. Y. Sept. 15/31.

In case of my death the amount due on this $2500.00 note become the property of Mrs. Edward C. Pierson or Edna Pierson, without any further demand from my executors.

ADA C. HOWES.

Witness,

ARTHUR G. STRONG.

The plaintiff sought to secure the same result by objecting to the admission of conversations between the defendants and Mrs. Howes with reference to the transaction. As is clearly indicated by the record and briefs, the basic inquiry was whether this transaction was an outright gift, a testamentary gift, or a loan. On this question the intent of Mrs. Howes was an important factor. Her statements were relevant and admissible for the purpose of ascertaining this intent, if for no other. *Doolan* v. *Heiser,* 89 Conn. 321, 323, 94 Atl. 354.

As collateral security for the performance of her agreement to furnish a home or support for Mrs. Howes, Mrs. Pierson procured the drafting of exhibit A and it was executed by the defendants. The corrected finding shows that there was a manual delivery of this instrument to Mrs. Howes but that it was conditional. The condition, as stated in the finding, was that the note "would only be enforced if the defendants refused to give the said Ada C. Howes a home or support if she ever needed them."

The note never came into existence as a legal obligation unless the event referred to in the condition occurred. The event never occurred, the note never became a legal obligation and, Mrs. Howes having died without asking for or needing a home or support, the money belonged to the defendants. Illustrations of transactions held to constitute conditional delivery will be found in the following citations: *Couch* v. *Meeker,* 2 Conn. 302; *Clarke* v. *Tappin,* 32 Conn. 56, 68; *McFarland* v. *Sikes,* 54 Conn. 250, 7 Atl. 408; *Trumbull* v. *O'Hara,* 71 Conn. 172, 176, 41 Atl. 546; 20 A. L. R. 421, note; 54 A. L. R. 702, note. The rule is the same in New York. *Reynolds* v. *Robinson,* 110 N. Y. 654, 18 N. E. 127; *Smith* v. *Dotterweich,* 200

N. Y. 299, 93 N. E. 985, 33 L. R. A. (N. S.) 892;
*Niblock* v. *Sprague,* 200 N. Y. 390, 93 N. E. 1105.

The brief of the plaintiff does not fairly meet the situation disclosed in the finding. His summary covers three points, corrections in the finding, the admission of oral testimony, and the question as to whether or not there was a valid gift inter vivos of "the note." The first two have been considered. Without quoting further from his brief, it appears repeatedly that it is with the gift of the note that he is concerned. He claims that there was no delivery and that at most the gift of the note was an attempted testamentary disposition as indicated by the indorsement thereon. The finding does not deal with the gift of the note but with the gift of the money. There having been a valid gift of the money, there was nothing on which the statement in the indorsement could operate. The finding supports the conclusion that there was a present gift to the defendants of $2500.

There is no error.

In this opinion the other judges concurred.