### ADAMS and others *against* GRAY.

The rule that a written agreement will be considered as containing the whole contract between the parties, is not applicable to a written instrument, given by a third person, in pursuance of a parol agreement between the parties.

Therefore, where a parol agreement was entered into between *A.* and *B.*, by which *A.* bought of *B.* a certain vessel, for a price specified, and *B.*, in consideration thereof, warranted such vessel sound ; the title of the vessel being, at this time, in *C.*, in trust for *B.*, who was a foreigner, *B.* promised to procure a bill of sale from *C.*, and deliver it to *A.*, which was accordingly done ; in an action brought by *A.* against *B.* for a breach of warranty, it was held, that the whole agreement between the parties was in parol ; and that the plaintiff's action, notwithstanding the bill of sale given by *C.*, was sustainable by parol proof.

THIS was an action of *assumpsit* on an agreement regarding the sale of a vessel, by the defendant, to the plaintiffs.

The declaration stated, That in consideration that the the plaintiffs would buy of the defendant a certain sloop or vessel, called the *Galen,* for the sum of 495 dollars, to be paid for by three promissory notes of the plaintiffs for the sum of 165 dollars each, the defendant undertook and faithfully promised the plaintiffs, that said sloop or vessel was tight and sound, and had new bends, and was new from her bends up ; and that the plaintiffs, confiding in such promise of the defendant, bought said sloop or vessel of the defendant, and paid her therefore the said sum of 495 dollars, in notes as aforesaid. The breach alleged was, that said vessel, at the time of the sale, was not tight and sound, and was not new from her bends up, and had not new bends, but, on the contrary, was open and leaky, and unsound in her timbers and planks, and her bends were old, and only cased or sheathed over, and her works from her bends up, were old, decayed and unsound.

The cause was tried, on the general issue, at *Hartford, February* term, 1830, before *Bissell,* J.

*Hartford,*
*June, 1830.*

Adams
*v.*
Gray.

On the trial, the plaintiffs claimed to have proved, by parol testimony, that the defendant, by her agent, *Robert Kilgore*, made the contract and warranty set forth in the declaration; that at the time of making such contract, and after the terms of it had been agreed upon between the parties, the defendant, by her agent, informed the plaintiffs, that she was a foreigner; that one *Jesse Mallary* held the vessel in trust for her, the legal title being in him; that she must and would procure a bill of sale of the vessel from *Mallary* to the plaintiffs, in order to vest the legal title in them; and that soon afterwards, she did, in pursuance of such contract, procure from *Mallary* a bill of sale of the vessel to the plaintiffs, and deliver it to them. This was exhibited in evidence to the jury. The defendant objected to the whole of the parol evidence, so offered by the plaintiffs, on the ground, that the contract for the sale of the vessel was in writing; and that a parol warranty of the vessel could not be legally proved. The judge overruled the objection, and permitted such evidence to go to the jury; who returned a verdict for the plaintiffs. The defendant thereupon moved for a new trial.

*Toucey*, in support of the motion, contended, That the whole consideration, on one side, and the sale and transfer with warranty, on the other, were in writing; and that, therefore, the parol evidence offered by the plaintiffs, was inadmissible. *Vandervoort* & al. v. *Smith*, 2 *Caines* 155. *Powell* v. *Edmunds*, 12 *East* 6. *Mumford* & al. v. *McPherson* & al. 1 *Johns. Rep.* 414. *Wilson* v. *Marsh*, 1 *Johns. Rep.* 503. *Dean* v. *Mason*, 4 *Conn. Rep.* 428. 432.

*N. Smith* and *F. Parsons*, contra, insisted, That the bill of sale procured from *Mallary* was a distinct contract from the more general agreement between the plaintiffs and the defendant, which was entirely by parol. The bill of sale is perfectly consistent with the warrany of the defendant. The parol evidence did not go to vary the terms of the bill of sale. In relation to this instrument no question arises. It was procured and delivered according to the defendant's agreement. Why should this preclude the plaintiffs from proving the whole of the defendant's agreement? *Jeffery* v. *Walton*, 1 *Stark. Rep.* 267. 3 *Stark. Evid.* 1049. *Wait* v. *Gibbs* & al. 4 *Pick. Rep.* 29.

*Toucey*, in reply, said, that there was no attempt to transfer the vessel, except by the bill of sale ; and this being given by a trustee of the defendant, and as her agent, was to be considered as the act of the defendant. Then the question is, whether the plaintiffs must not confine themselves to the terms of that instrument ? As the contract of sale was reduced to writing, will not the Court now consider that instrument as embracing the whole contract ? Can it be enlarged or varied by parol ? *Dean* v. *Mason*, 4 *Conn. Rep.* 428. 432. and the cases before cited.

*Hartford*,<br>June, 1830.<br><br>Adams<br>*v.*<br>Gray.

Daggett, J. The defendant, in support of her motion for a new trial, relies on the principle of law, that when the parties to a contract have reduced it to writing, the writing shall be presumed to contain the whole contract between them : Not only so, but that all previous and contemporaneous declarations and negotiations relating to it, shall be deemed to have been waived ; and that the only contract between the parties is contained in the writing : And if so, then that the written contract cannot be varied, in any respect, by parol testimony. Hence the counsel for the defendant infer, that when it had been proved, that it was agreed by the parties, that one *Jesse Mallary* should give a bill of sale of the sloop or vessel, because the legal title was vested in him, she being a foreigner, and therefore incapable of holding such property ; and that a bill of sale had been given, by *Mallary*, without warranty ; no parol proof of a warranty by the defendant could be received. The premises are undoubtedly true ; but the inference is denied. The purchase of this sloop, and the terms of payment, and the receipt of the purchase money, all were, as they well might be, by parol. The equitable owner, however, was a foreigner ; and, as such, could not enjoy, or confer on another, the privileges of an *American* owner. She then, having agreed to sell the vessel to the plaintiff, for a stipulated sum, and having, at the time of sale, warranted her tight and sound, further agrees, that *Jesse Mallary*, who held her in trust for the defendant, should give a bill of sale of her, to vest the title in the plaintiff. This bill of sale was not to be given to the defendant, and then she to give a bill of sale to the plaintiffs. Had such been the contract, then, perhaps, an acceptance of the bill of sale, it containing no warranty, would have brought the contract within the principle laid down by the defendant. The case presents

*Hartford,* two distinct contracts, wholly disconnected in their nature, *viz.*
June, 1830. one a sale and warranty of the sloop, the other an agreement
Adams to procure from the trustee a bill of sale, which should vest the
*v.* plaintiffs with the rights and privileges of an *American* owner.
Gray. The bill of sale has been given ; but the contract of warranty
has not been complied with ; and this forms the *gravamen* of
the plaintiffs' declaration. In this view, as it appears to me,
the whole contract between the parties is in parol. One part
of it is to be performed, by procuring a written bill of sale from
a person not the equitable owner, and having no equitable in-
terest in the vessel. This part has been performed. For the
non-performance of the other part this action is brought ; and I
think, it is sustainable by the proof. It is, in no respect, like the
cases cited by the counsel for the defendant. *Vandervoort* &
al. v. *Smith,* 2 *Caines* 155. *Powell* v. *Edmunds,* 12 *East* 6.
*Mumford* & al. v. *M'Pherson* & al. 1 *Johns. Rep.* 414. *Dean*
v. *Mason,* 4 *Conn. Rep.* 428. 432. By these cases, the univer-
sal doctrine is upheld, that a written agreement is presumed to
contain the whole contract between the parties, made at the
same time, and in relation to the same subject.

The motion for a new trial must be denied.

HOSMER, Ch. J., and PETERS and BISSELL, Js. were of the
same opinion.

WILLIAMS, J. having been of counsel in the cause, gave no
opinion.

New trial not to be granted.