McFarland v. Sikes.

SAMUEL F. MCFARLAND vs. CHARLES B. SIKES.

Hartford District, March T., 1886. PARK, C. J., CARPENTER, PARDEE, LOOMIS and GRANGER, Js.

Proof that, at the time a note was executed and put into the hands of the payee, an agreement was made that it should be returned to the maker upon a certain day if he should then demand it, does not contradict or attempt to vary the terms of the note, and the agreement may be proved by parol evidence.

A delivery of a legal obligation made upon condition does not become a legal delivery until the condition is fulfilled. Such a condition does not in any manner conflict with the terms of the obligation, and an observance of it is essential to the validity of the obligation.

[Argued March 2d—decided April 2d, 1886.]

ACTION upon a note; brought to the Superior Court in Tolland County, and tried to the jury before *Stoddard, J.* Verdict for the plaintiff and appeal by the defendant for error in the charge of the court. The case is sufficiently stated in the opinion.

*C. H. Briscoe* and *J. P. Andrews*, with whom was *D. Marcy*, for the appellant.

*J. L. Hunter* and *B. H. Bill*, for the appellee.

PARK, C. J. This is a suit upon a note of three hundred dollars. On the trial in the court below the defendant offered evidence to prove, and claimed to have proved, that previously to the execution and delivery of the note the plaintiff, who was a grand juror of the town of Ellington, where the defendant resided, and was acting as the attorney of one Mary Quinn, accused the defendant of having made an assault upon the person of the said Mary, and threatened him with a criminal prosecution unless he settled with her for the injury; that the defendant thereupon admitted that he had done wrong in the matter and offered one hundred dollars to settle it; that the plaintiff demanded

three hundred dollars, which the defendant was unwilling to pay; that the defendant was without counsel and asked to be allowed till the following Tuesday to consider the matter, and offered to give his note for three hundred dollars to be held by the plaintiff till then, and if he did not then appear, to be held by the plaintiff as a settlement for the injury to the said Mary, but if he should appear, to be returned to him to be cancelled; that thereupon the plaintiff wrote the note in suit, which the defendant executed and delivered to the plaintiff to be held by him upon the conditions stated; and that the defendant at the same time declared that he should appear and demand a return of the note. The defendant also offered evidence that on the following Tuesday he appeared before the parties and demanded the return of the note, but that the plaintiff refused to surrender it.

With reference to this evidence the defendant requested the court to charge the jury " that if the note was delivered to the plaintiff with the understanding between him and the defendant that it was to be delivered up to the latter on his demand on the Tuesday following, and the defendant demanded its return on that day, the plaintiff cannot recover, and the verdict must be for the defendant." The court did not so charge the jury, but substantially that if they should find all the facts claimed by the defendant to be proved they did not constitute a defense to the action.

We think the court erred in refusing to charge as requested, and in charging as it did. The error was in applying to the case the familiar and well established rule that parol evidence is inadmissible to contradict or vary a written contract.

A written contract must be in force as a binding obligation, to make it subject to this rule. Such a contract cannot become a binding obligation until it has been delivered. Its delivery may be absolute or conditional. If the latter, then it does not become a binding obligation until the condition upon which its delivery depends has been fulfilled. If the payee of a note has it in his possession, that fact would be *primâ facie* evidence that it had been delivered;

but it would be only *primâ facie* evidence. The fact could be shown to be otherwise and by parol evidence.

Such parol evidence does not contradict the note or seek to vary its terms. It merely goes to the point of its non-delivery. The note in its terms is precisely what both the maker and the payee intended it to be. No one desires to vary its terms or to contradict them.

In the case of *Benton* v. *Martin*, 52 N. York, 570, the court say :—" Instrúments not under seal may be delivered to the one to whom upon their face they are made payable, or who by their terms is entitled to some interest or benefit under them, upon conditions the observance of which is essential to their validity. And the annexation of such conditions to the delivery is not an oral contradiction of the written obligation, though negotiable, as between the parties to it or others having notice. It needs a delivery to make the obligation operative at all, and the effect of the delivery and the extent of the operation of the instrument may be limited by the conditions with which the delivery is made."

In the case of *Schindler* v. *Muhlheiser*, 45 Conn., 153, the head note is as follows :—" The defendant had given the plaintiff his note for certain real estate conveyed to him by an absolute deed by the plaintiff. Held, in a suit on the note, that parol evidence was admissible, on the part of the defendant, to show that the conveyance was not intended as a sale, but was made by the plaintiff for a certain purpose of his own and upon an understanding with the defendant that the land was afterwards to be conveyed back, and that the note was given at the time under an agreement that it was not to be paid."

The defense in that case was really that the note had never been delivered as a note, binding upon the defendant. The delivery was merely formal, and was so understood by the parties.

See also *Adams* v. *Gray*, 8 Conn., 11 ; *Collins* v. *Tillou*, 26 id., 368 ; *Clarke* v. *Tappin*, 32 id., 56 ; *Post* v. *Gilbert*, 44 id., 9 ; *Hubbard* v. *Ensign*, 46 id., 585.

We think the court erred in refusing to charge the jury as requested by the defendant.

The view we have taken of this question renders it unnecessary to consider the other questions made in the case.

There is error in the judgment appealed from, and it is reversed and a new trial ordered.

In this opinion the other judges concurred.