CURTIS M. TUCKER v. CHESTER A. STONE AND HARRIET STONE.

[See 92 Mich. 298.]

*Mortgage—Foreclosure—Writ of assistance.*

Where exceptions to the report of sale in a mortgage foreclosure case were overruled, and the sale was confirmed, and an order made on the same day for a writ of assistance, based upon the petition of the complainant, showing the exhibition on that day to the mortgagor of the commissioner's deed and of a certified copy of the order confirming the sale, it will not be assumed, from the fact that the mortgagor resided 20 miles from the place where the court was held, that the complainant could not get a copy of the order of confirmation on the morning of the day it was made, make the service, and return in time to get the writ of assistance on the same day, or that it was the *nisi* order of confirmation, instead of the court order, which was served, in the absence of proof of that fact.

Appeal from Newaygo. (Palmer, J.) Submitted on briefs February 13, 1894. Decided March 20, 1894.

Defendants appeal from an order granting a writ of assistance, and from an order refusing to recall said writ. Affirmed. The facts are stated in the opinion.

*Edgar L. Gray* (*Francis A. Stace,* of counsel), for complainant.

*William D. Fuller,* for appellants, contended:

1. The right to order the issuance of the writ of assistance against the appellants *ex parte,* on due and legal proof of the exhibition to them of the commissioner's deed and of a duly-certified copy of the order of the court confirming the sale, and of their refusal to surrender possession of the mortgaged premises to the complainant, is not questioned; citing *Hart v. Linsday,* Walk. Ch. 144; but it is insisted that such compulsory process could not issue without proper evidence of such contumacy; that the appellants must be first put in default, and that this fact must be *proved* to the court by *legal* evidence on the application for the writ; citing *Howard v. Bond,* 42 Mich. 131, 133.

2. There are two orders of confirmation in this case. One, the usual *ex parte* order, was entered March 16, 1892, but its operation was suspended, and the question of confirmation held in abeyance, until the court passed upon the exceptions to the report of sale, prior to which time possession was not legally demandable; citing *Howard v. Bond,* 42 Mich. 131. The exceptions were argued March 14, 1893, and an oral announcement made that they would be overruled; but the order overruling them, and confirming the sale, was not filed until June 14, 1893, and until so filed the sale was not confirmed; citing *Sellers v. Botsford,* 9 Mich. 491, holding that there is no decree upon the mere oral announcement of the judge, and that the caption ought to correspond with the time of the entry, as it is from that time that either party can have any benefit from the decree. Applying this rule to this case, and it appears that, if a certified copy of the *ex parte* order of confirmation could be treated as the one to be exhibited to the appellants, it could not be used until the order overruling the exceptions was filed, and if, as would seem to be the correct rule, the order to be exhibited was the one made by the court and filed June 14, 1893, the copy could not be used until sometime during that day.

3. The petition does not clearly state which order was used, but alleges that on the 14th day of June, 1893, the petitioner presented and exhibited to the appellants the commissioner's deed, and "a copy of the order confirming such sale, duly certified by the register of this court." It is true, the petition only refers directly to the latter order of confirmation, but the Court will take judicial notice of the fact that the village

of Newaygo, where the court was being held, is distant about 20 miles from the mortgaged premises, where possession was demanded, and, if a copy of the latter order was used, the petitioner must have driven about 40 miles after the order was filed, and before he swore to the petition, which was verified before the register of the court, acting as a notary public. But, be this as it may, the case shows the necessity of adhering to the rule requiring an affidavit of the service of a copy of a paper to have attached thereto a like copy; and in this case the court could only know to a certainty which order was used by complainant's annexing to his petition the certified copy which he claimed to have exhibited to the appellants, and an inspection of which would have shown whether the *conclusion* set forth in the petition that a *copy* of the order of confirmation, *duly certified* by the register, had been exhibited, was warranted by the facts in the case.

4. This question would seem to have been settled in *McCaslin v. Camp*, 26 Mich. 390, where the proof of the service of notice of the presentation of a petition for leave to appeal from a justice's judgment was made by *describing* the notice, and it was held that such a notice could only be properly proved by a sworn or officially certified copy, and that it was not sufficient to state to the court any mere allegation as to its substance, and that the court could not properly act without knowing precisely what notice was served. The reason for this rule is greater in this case, because the complainant was not required to leave the copy of the order with the appellants, but only to exhibit it to them, thus retaining in his possession the primary evidence of the performance of the condition precedent to his application for a writ of assistance, and preventing the appellants from presenting to the court, in support of their motion to recall the writ, the evidence which complainant should have presented in support of his petition therefor. It cannot be claimed that the court was furnished with any other evidence than the petition of the exhibition of a certified copy of its order confirming the sale, as the order recites that on reading and filing the petition, duly verified, of the complainant, and on motion of his solicitor, the order was made.

5. The question involved in this appeal is not a technical one, but affects the substantial rights of the appellants, who have the right to retain possession of the mortgaged premises until they are dispossessed by due process of law, which, in this case, is a writ of assistance, issued only upon legal evidence that the complainant has complied with the terms of the fore-

closure decree, and that the appellants wrongfully refuse to surrender to him such possession.

LONG, J. This is an appeal from an order denying a motion to vacate a writ of assistance awarded the complainant as purchaser of mortgaged property on a foreclosure sale. The motion was based upon the sole ground that there was not sufficient evidence before the court of the exhibition to the defendants of the deed of the circuit court commissioner and a certified copy of the order of confirmation, as required in the decree, to give the court jurisdiction to order the writ.

The petition for the writ of assistance sets forth the making and entry of decree of sale, the sale of the premises, the execution of the deed by the commissioner, and its record; also, that the defendants were in possession, and—

"That on the 14th day of June, 1893, your petitioner peaceably applied to the said defendants, and in a friendly manner presented and exhibited to them the said deed of the said circuit court commissioner, made to your petitioner as aforesaid, of the said land, and also a copy of the order confirming such sale, duly certified by the register of this court, and requested and demanded of the said defendants, Chester A. Stone and Harriet Stone, that they should forthwith surrender and deliver up possession thereof to your petitioner, as in and by said decree provided, and as in equity they ought to have done; but so to do the said defendants absolutely refused, and still do refuse, and retain possession of said last-mentioned land, against the rights of your petitioner."

It appears that an order of confirmation was entered in the cause on March 16, 1892. Exceptions were taken, within the eight days, to the report of sale, and afterwards were overruled, and on June 14, 1893, the sale was finally confirmed. No question is raised but that the sale was duly confirmed on June 14; but the contention is that, the premises being situate some 20 miles from the

court-house, where the order of confirmation was made by the court, it could not be said that this was the order of confirmation which the officer served upon the defendants, as the service was made upon the same day the order was made. It is further contended that the order of confirmation which was served must have been the one made on March 16, 1892, and that the service of a copy of that order would not entitle the complainant to this writ of assistance, as that order was not in force. No proofs were offered by the defendants to show that this was the order served, or that there were any irregularities in the service. The proofs were made to the court below of the service of the order of confirmation, and we cannot now presume that the party could not get his copy of order of confirmation on the morning of June 14, make the service, and return in time to get his writ on the same day, or that it was the order of confirmation of March 16, instead of June 14, which was served, as there is no proof of that fact.

The court below had knowledge of the facts, and overruled the order asked, and his finding must be affirmed.

The other Justices concurred.