WILLIAM J. ATWATER vs. WILLIAM H. H. HEWITT.

Third Judicial District, New Haven, June Term, 1899.  ANDREWS, C. J.,
TORRANCE, BALDWIN, HAMERSLEY and HALL, Js.

In order to secure the release of an attachment placed by the plaintiff
upon the property of a third person, the defendant signed a guar-
anty to pay any judgment that might be recovered in the attach-
ment suit, and delivered the writing to the attaching officer under
an oral agreement that it was to be returned to the signer if a satis-
factory bond or receipt for the attached property was given within
a certain time, or if, upon expiration of the specified time, the
property itself remained in *statu quo* and open to re-attachment.
The property did remain in *statu quo* and subject to re-attachment
long after the specified time.  In an action upon the guaranty it
was *held* that evidence tending to establish the oral agreement,
which the defendant pleaded and relied upon in defense, was prop-
erly admitted by the trial court, and that proof thereof justified the
legal conclusion that the written instrument was delivered only in
escrow and had never become a present, operative and binding con-
tract.

Argued June 21st—decided August 1st, 1899.

ACTION upon a written guaranty, brought to the City
Court of New Haven and tried to the court, *Bishop, J.;* facts
found and judgment rendered for the defendant, and appeal
by the plaintiff for alleged errors in the rulings of the court.
*No error.*

The complaint alleged, in substance, the following facts:
On September 7th, 1898, there was due to the plaintiff from
Hayes and Rourke, copartners, the sum of $93.75.  On said
day the plaintiff in a suit against Hayes and Rourke caused
their property to be attached to secure said debt.  On said
day the defendant, in consideration of the release of said
attachment by the attaching officer, signed and delivered to
the plaintiff the contract sued upon.  Afterwards the plain-
tiff obtained judgment in said suit against Hayes and Rourke,
and had execution issued and demand made thereon upon
Hayes and Rourke and upon the defendant, for the payment
of said judgment, which they each and all refused to pay,
and the same is still unpaid.

The answer, in the first four paragraphs, admitted that the defendant signed the contract sued upon, but denied, in substance, all the other allegations of the complaint. The remaining two paragraphs read as follows : " 5. On said September 7th, 1898, said officer, William E. Beach, deputy-sheriff, then having attached the property of said Hayes and Rourke, as alleged in paragraph 2, and having put a keeper in charge thereof, and the attorney for said Hayes and Rourke, Lucius P. Deming, being absent from New Haven, the defendant agreed with said deputy-sheriff that said keeper should be withdrawn until the return of said Lucius P. Deming; and the defendant signed said document and placed it in the hands of said deputy-sheriff in escrow, upon the agreement that if, upon the return of said Lucius P. Deming, a satisfactory bond for the release of the attachment, or a receipt for the property, should not be given, or the property should not remain in *statu quo* ready to be retaken by the said deputy-sheriff under his attachment, said deputy-sheriff should deliver said memorandum to the plaintiff ; but that if a satisfactory receipt or bond were furnished, or if said property should remain in *statu quo,* ready to be retaken by said deputy-sheriff, then said memorandum should be returned to the defendant. 6. On or about September 10th, 1898, said Deming returned, and defendant thereupon requested said deputy-sheriff to take possession of said property, and to return to him the memorandum ; and said deputy-sheriff then agreed to get a truck and remove said property and return said memorandum, but afterwards declined so to do. And said officer was never authorized by the defendant to deliver said memorandum to the plaintiff, and the defendant never delivered the same otherwise than as above set forth." In the reply these two paragraphs were denied.

The court found the issues for the plaintiff, and in its finding sets forth, among others, the following facts : Hayes and Rourke were indebted to the plaintiff as alleged in the complaint. W. E. Beach, a deputy-sheriff, attached three furnaces in the possession of Hayes and Rourke on consignment, upon the writ described in the complaint. He placed a keeper

in charge of them and left them on the premises of Hayes and Rourke.    At the request of Hayes and Rourke the deputy-sheriff, with them, called upon the defendant, and he was asked if he "would go on a receipt" until the counsel for Hayes and Rourke, who was then out of town, should return, when "they would either furnish another bondsman or return the receipt, and the officer take the furnaces." The defendant agreed to this, and then signed the writing sued upon, which reads as follows : —

"New Haven, Connecticut, September 7th, 1898.
"I hereby agree to warrant the payment of any judgment that may be recovered in the suit of William J. Atwater vs. Hayes and Rourke, before Justice George E. Hall, returnable September 20th.    William H. H. Hewitt."

After signing this paper, and before handing it to the deputy-sheriff, Hewitt said to him, in substance, "You are to keep this paper and return it when counsel for Hayes and Rourke gets back.    If he makes a satisfactory arrangement well and good, and if not, you are to take the furnaces and return the paper."

The three furnaces remained in *statu quo* until and long after counsel for Hayes and Rourke returned.    As soon as he returned the defendant informed the deputy-sheriff that the furnaces were at Hayes and Rourke's, and requested the return of the paper signed by him.    The officer did not return the paper, having before that time handed it over to the attorney for the plaintiff in this suit.    Subsequently the plaintiff in his suit against Hayes and Rourke obtained judgment against them, had execution thereon issued and demand made, without result, substantially as alleged in the complaint.

Upon the trial below the defendant offered testimony tending to show that the three furnaces aforesaid, until and long after the return of the counsel of Hayes and Rourke, had remained in *statu quo*. To this evidence the plaintiff objected on the ground that it was immaterial and irrelevant. The court admitted it and the plaintiff excepted.

The defendant also offered evidence of the conversation

that took place between the parties who were present when the contract sued upon was signed by the defendant and delivered to the officer, in relation to the terms and conditions upon which it was made, signed and delivered. The plaintiff objected to this, "on the ground that all prior conversations were merged in the written memorandum, and that the conversation asked for might tend to vary the terms of said written memorandum." The court admitted the evidence, to show the circumstances under which it was claimed the contract was signed and delivered, and the plaintiff excepted.

The assignments of error on this appeal relate to the aforesaid rulings of the court upon evidence, to its action in overruling certain claims of law made by the plaintiff, and in rendering judgment for the defendant upon the facts found.

*Richard H. Tyner*, for the appellant (plaintiff).

*Henry G. Newton*, for the appellee (defendant).

TORRANCE, J. The plaintiff claims that the contract sued upon was, in legal effect, made solely with him, and not with the deputy-sheriff; that it was in legal effect delivered to him when it was delivered to the deputy-sheriff; and that if it was unconditionally delivered, as alleged in the complaint, the plaintiff is entitled to sue upon it as the only party interested. Assuming, for the sake of the argument merely, that this claim is true, one of the important questions in the case is whether the writing sued upon was ever delivered to the plaintiff as a present, operative, binding contract. The delivery was expressly denied in the answer, and was thus one of the issues in the case; and in the judgment of the court the issues are expressly found for the defendant. This alone would support the judgment rendered, unless there is something in the special finding which contradicts this general finding in the judgment. Independently of this general finding, however, we think the judgment rendered is supported by the facts found.

The answer alleged, as an affirmative defense, that the

writing was placed in the hands of the deputy-sheriff in escrow, upon this agreement, in substance : If upon the return of counsel for Hayes and Rourke a satisfactory bond or receipt was not furnished, or if the property released was not then in *statu quo*, the deputy-sheriff should deliver the writing to the plaintiff; but if such bond or receipt was furnished, or said property was then in *statu quo*, the writing was to be returned to the defendant. It is further set up, in substance, that the property released remained in *statu quo* as agreed, and that the officer with knowledge of that fact declined to attach it.

We think that the fair import of this part of the answer is that the writing was not to be delivered to the plaintiff as a present, operative instrument, except upon certain events or conditions, which never happened nor existed. We also think that this defense is not only supported by the general finding in the judgment, but also by the special finding. The writing given by the defendant is not what is known as an " officer's receipt," at all. There is nothing on its face or in the circumstances under which it was given, to show that it was necessarily to take effect at once in the hands of the sheriff. He was fully protected by its delivery in escrow. He might then safely release the attachment because, although he had no receipt for the property, he had a paper which at a certain time would become operative as security in place of a receipt, unless a satisfactory receipt were then given, or, if that were not given, unless he had full opportunity again to attach the property and place himself in the position he occupied at first.

The trial court has found what the parties said and did when this writing was signed and handed over to the sheriff, and from the special facts thus found has drawn the conclusion that the writing was delivered in escrow, as set up in the answer. We think the special facts found, read in the light of the circumstances found under which the writing was given, justify this conclusion.

In this view of the case the evidence objected to by the plaintiff, going to show that the released property remained in *statu quo*, was clearly admissible as tending to prove that

one of the conditions upon which the writing was to be delivered to the plaintiff never existed. So, too, the other evidence objected to was clearly admissible to show a conditional delivery, this being a case where the rule invoked by the plaintiff in his objection had no application. *McFarland* v. *Sikes*, 54 Conn. 250; *Trumbull* v. *O'Hara*, 71 id. 172; *Burns & Smith Lumber Co.* v. *Doyle*, ibid. 742.

There is no error.

In this opinion the other judges concurred.