## RANDLE *v.* DAVIS COAL AND COKE COMPANY.

PROMISSORY NOTES; IRREGULAR INDORSEMENT; SEVENTY-THIRD RULE.

1. In a suit by the payee of a promissory note against the maker and an indorser in blank on the back thereof, an affidavit of defense by the latter is insufficient, which states that the indorsement was without consideration; that the original note, of which the note sued on is a renewal, was made in closing the account of the plaintiff with the maker; that the consideration therefor was coal which had been sold and delivered by the plaintiff to the maker prior to the making of the note; that the affiant's indorsement was at the request of the plaintiff without any consideration moving from the maker or to the plaintiff, the plaintiff agreeing that if affiant would place his name on the note, the maker was thereafter to have coal at the usual rates and not at credit prices, which the maker had been paying, and that the coal was to be of the better quality; but that the plaintiff wholly disregarded said agreement and would not sell coal to the maker as agreed upon; and that affiant was a mere indorser upon the note.

2. In such a case, upon the facts as stated, the indorsement in blank on the back of the note is *prima facie* that of a joint maker and not that of an indorser.

3. Parol evidence of a contemporaneous agreement that an indorsement on a promissory note was without recourse, is inadmissible.

No. 907. Submitted October 6, 1899. Decided November 8, 1899.

HEARING on an appeal by one of two defendants from a judgment of the Supreme Court of the District of Columbia under the Seventy-third Rule of that court in a suit on a promissory note.   *Affirmed.*

The facts are sufficiently stated in the opinion.

*Mr. D. W. Baker* for the appellant.

*Mr. E. A. Newman* and *Mr. John Ridout* for the appellee.

Mr. Chief Justice ALVEY delivered the opinion of the Court:

This appeal is from a judgment on a promissory note rendered by the court below, for want of sufficient affidavit of defense, under rule 73 of that court.

The action was by the Davis Coal and Coke Company, the payee of the note, against the Capital Railway Company and the appellant, Arthur E. Randle; the declaration, in some of its counts, proceeding against the parties as joint makers of the note, and in others as maker and indorser of the note; this latter joinder being authorized by statute. The usual affidavit, on the part of the plaintiff, was filed with the declaration.

The defendant, the present appellant, pleaded to the declaration, that he did not promise in manner and form as alleged.   And he filed an affidavit, in support of his defense, under rule 73, which requires " that the defendant shall file, along with his plea, if in bar, an affidavit of defense, denying the right of the plaintiff as to the whole, or some specific part of his claim, and *specifically stating* also in precise and distinct terms, the grounds of defense, which must be such *as would, if true, be sufficient to defeat the plaintiff's claim in whole or in part."*

The affidavit of the appellant, stating the defense relied on, under rule 73, states : " That he is indorser on the note sued upon without any consideration for said indorsement; hat the original note, of which the present note is a renewal, as made in closing the account of the plaintiff with the

defendant, the Capital Railway Company ; that the consideration therefor was for coal which *had been sold and delivered by the plaintiff to the said railway company prior* to the making of said note ; that the affiant indorsed his name on said note at the instance and request of the plaintiff without any consideration moving from the said railway company or to said plaintiff, the said plaintiff agreeing that if said affiant would place his name on said note that *thereafter* the said defendant, the Capital Railway Company, was to have coal at the usual rate charged for same, and not at credit prices, which said railway company had been paying, and that said coal was to be of better quality ; but that the plaintiff wholly disregarded the said agreement, and would not sell coal to said company as agreed upon. . . . And that the appellant is mere indorser upon the note." The defense thus set up in the affidavit was ruled to be insufficient as stated, and thereupon judgment was entered for the plaintiff.

The note sued on, dated November 16, 1898, payable three months after date, is a renewal of a former note, given for value received, and upon the back of which is indorsed the name of the appellant Randle, who was at the time the president of the Capital Railway Company, the other defendant, against whom judgment was allowed to be entered without defense.

*Prima facie*, upon the statement of the facts as set forth in the affidavits, the indorsement by the defendant in blank upon the back of the note before delivery to the payee, made the former a joint maker of the note. *Rey* v. *Simpson*, 22 How. 341, 350 ; *Good* v. *Martin*, 95 U. S. 91.

But if we treat the blank indorsement on the note as the contract of an indorser, as contended by the appellant it should be treated, and not as the contract of a joint maker, according to the *prima facie* import of the blank indorsement under the fact stated, still, the law is well settled, that parol evidence of a contemporaneous agreement that the

indorsement was without recourse is inadmissible. *Martin* v. *Cole*, 104 U. S. 30, 37. As said by the Supreme Court, in the case just referred to: "The contract created by the indorsement and delivery of a negotiable note, even between the immediate parties to it, is a commercial contract, and is not in any proper sense a contract implied by law, much less an inchoate or imperfect contract. It is an express contract, and is in writing, some of the terms of which, according to the custom of merchants and for the convenience of commerce, are usually omitted, but not the less on that account perfectly understood. All its terms are certain, fixed, and definite, and, when necessary, supplied by that common knowledge, based on universal custom, which has made it both safe and convenient to rest the rights and obligations of parties to such instruments upon an abbreviation. So that the mere name of the indorser, signed upon the back of a negotiable instrument, conveys and expresses his meaning and intention as fully and completely as if he had written out the customary obligation of his contract in full." And it is well settled, by the decisions of the Supreme Court of the United States, and by all well considered decisions of other courts, that extrinsic evidence is not admissible to contradict or vary the legal effect of such blank indorsement, in the absence of fraud in procuring such indorsement. *Abrey* v. *Crux*, 5 L. R. C. P. 37; Benjamin's Chalmers' Digest of the Law of Bills of Exchange, Promissory Notes, Etc., Art. 56, p. 63; *Metzerott* v. *Ward*, 10 App. D. C. 514, and the authorities there cited; and also cases cited with approval in *Martin* v. *Cole*, *supra*; *Forsythe* v. *Kimball*, 91 U. S. 291.

There is, however, a well drawn distinction between the case where an instrument not under seal, as a promissory note or other negotiable instrument, has been made or indorsed and delivered *on condition* which has not been fulfilled, and the case where such instrument has been delivered without such condition. In the case of a conditional

delivery of a note or other instrument, parol evidence may be admitted to prove the conditional delivery and non-fulfillment of the condition, in order to avoid the effect of the instrument. This, however, is not to show any modification, contradiction, or alteration of the written agreement, *but that it never became operative, and that its obligation never commenced.* This principle has been approved and applied by the Supreme Court of the United States, in the case of *Burke* v. *Dulany*, 153 U. S. 228, upon full review of all the leading authorities upon the subject. In that case, the court, after stating the facts of the case of *McFarland* v. *Sikes*, 54 Conn. 250, 251, 252, proceeds to quote from the opinion of the Connecticut case, with approval, the following passage:

" The error was in applying to the case the familiar and well established rule that parol evidence is inadmissible to contradict or vary a written contract. A written contract must be in force as a binding obligation to make it subject to this rule. Such a contract can not become a binding obligation until it has been delivered. Its delivery may be absolute or conditional. If the latter, then it does not become a binding obligation until the condition upon which its delivery depends has been fulfilled. If the payee of a note has it in his possession, that fact would be *prima facie* evidence that it had been delivered; but it would be only *prima facie* evidence. The fact could be shown to be otherwise and by parol evidence. Such parol evidence does not contradict the note or seek to vary its terms. It merely goes to the point of its non-delivery. The note in its terms is precisely what both the maker and the payee intended it to be. No one desires to vary its terms or to contradict them."

The same principle is clearly laid down in the English case of *Pym* v. *Campbell*, 6 El. & Bl. 370, 371, also fully stated and quoted from with approval by the Supreme Court, in *Burke* v. *Dulaney, supra.*

But, upon the facts stated in the affidavit of the appellant, there is no pretense that the note was delivered on any condition precedent to its becoming a binding contract. On the contrary, it is expressly stated by the appellant that the original note, of which the note sued on is a renewal, was made in closing the account of the plaintiff with the defendant, the Capital Railway Company; that the consideration therefor was coal which had been sold and delivered by the plaintiff to the railway company prior to the making and indorsing the note. The mere naked statement, without more, that the indorsement of the note by the appellant before delivery thereof to the plaintiff was without any consideration for such indorsement, is simply a nugatory statement. Credit was given and extended to the Capital Railway Company in consideration of the note and indorsement thereon, and that company obtained the full benefit of such extended credit; and any understanding, whatever it may have been, in regard to the future sale and price of coal that might be furnished to the railway company, that was merely collateral to and independent of the obligation created by the note and indorsement thereon. The affidavit, moreover, is entirely too indefinite, in the facts stated, to constitute a valid defense to the action on the note and indorsement. Endlich on Affdt. of Def., Sec. 489; *Chapman* v. *Coal Co.*, 11 App. D. C. 386.

The judgment must be affirmed; and it is so ordered.

*Judgment affirmed.*