**Adelia M. Stickel, Appellant, v. Simon A. Neibuhr, Executor of last will and testament of Simon Neibuhr, Deceased, Appellee.**

1. BILLS AND NOTES—*presumption of delivery.* Under section 16 of the Negotiable Instruments Act (J. & A. ¶ 7655), providing that where the instrument is no longer in the possession of a party whose signature appears thereon, a valid and intentional delivery by him is presumed, possession of a note by the payee is prima facie evidence of delivery.

2. BILLS AND NOTES—*when verdict improperly directed.* A directed verdict in favor of an executor in a claim upon a note reciting that it was given for work done for the maker, and the execution of which was not contested, was error because possession was prima facie evidence of delivery.

3. WILLS—*effect of bequest to creditor.* In a claim upon a note

given by the maker to a daughter and reciting that it was given for work done for the maker, the defense that decedent extinguished his obligation under the note by the bequest made to claimant in his will was not tenable, where the will expressly provided for the payment of the testator's debts and there was nothing in the will or the nature of the bequests to indicate that decedent sought to do so.

Appeal from the Circuit Court of Logan county; the Hon. T. M. HARRIS, Judge, presiding. Heard in this court at the April term, 1921. Reversed and remanded. Opinion filed May 4, 1921.

COVEY & WOODS, for appellant.

HAROLD F. TRAPP and ARTHUR KEITHLEY, for appellee.

MR. JUSTICE WAGGONER delivered the opinion of the court.

This suit is upon a claim filed by appellant against the estate of her father Simon Neibuhr, deceased, based upon a promissory note for $2,000, dated November 11, 1902, purporting to have been signed by the decedent, payable in ninety days after his death to the order of appellant, "for value received for work done for me" and bearing interest from date until paid at six per cent per annum.

On a trial of the case, before a jury in the circuit court of Logan county, Illinois, appellee filed a verified plea denying the execution of the note. At the conclusion of all the evidence the court denied a motion on behalf of appellant to direct the jury to return a verdict in her behalf but on motion of appellee directed a verdict against her and judgment was rendered in favor of appellee for cost.

Appellant contends that the court erred both in denying her motion for a peremptory instruction and in giving such an instruction on behalf of appellee.

After the fourth witness had testified the signature to the note was that of the decedent, counsel for appellee stated that no evidence would be offered to contest that fact.

The evidence shows that appellant was in possession of the note at a trial of this claim in the probate court and that some time previous to that occasion had left it with a bank, in Lincoln, Illinois, for collection. She produced and offered the note in evidence at the trial had in the circuit court. The execution of the note, and that appellant was in possession of it are not challenged.

The Negotiable Instruments Act (section 16, J. & A. ¶ 7655) provides that "where the instrument is no longer in the possession of a party whose signature appears thereon, a valid and intentional delivery by him is presumed until the contrary is proved." If the payee of a note has it in his possession, that fact is deemed to be prima facie evidence that it has been delivered. *Hunter v. Harris*, 131 Ill. 482; 3 R. C. L. 589; *McFarland v. Sikes*, 54 Conn. 250.

If the note itself, containing a statement to the effect that it was given for work done for the maker, together with proof of its execution and delivery, is no evidence of appellant's right to recover, then the court should have directed a verdict for appellee, otherwise the case should have been submitted to a jury. *Libby, McNeill & Libby v. Cook*, 222 Ill. 206, 213.

In *McCormack v. Williams*, 88 N. J. L. 170, it is said: "Our Negotiable Instruments Act provides, in section 24 that every negotiable instrument shall be deemed prima facie to have been issued for a valuable consideration and that every person whose signature appears thereon is deemed to have become a party thereto for value. Therefore, when the plaintiff proved the notes in suit, offered them and rested, he established a prima facie case and that entitled him to go to the jury. * * * The notes spoke for themselves. They gave inherent evidence of validity." The note imports a consideration and the burden of showing a want thereof is upon the

appellee if he questions it. *Allen v. Allen's Estate,* 215 Ill. App. 653; *Root v. Strang,* 77 Hun (N. Y.) 14, 28 N. Y. Supp. 273; *Pitts' Adm'r v. Pitts,* 21 Ind. 309, 314; and *Wood v. Flanery,* 89 Mo. App. 632, 641.

The defense that decedent extinguished his obligations under the note by the bequest made, to appellant, in his will is not tenable for the reason that the will expressly provides for the payment of the debts of the testator and there is nothing in the will, or the nature of the bequests, to indicate that decedent sought so to do.

The trial court should have submitted the case to the jury for their determination and because he directed a verdict he erred.

*Judgment reversed and cause remanded.*