J. R. LEY, Plaintiff and Respondent, v. JACOB GULKE, Defendant and Appellant.

(227 N. W. 222.)

Opinion filed October 24, 1929.

*F. J. Graham,* for appellant.

*H. P. Remington,* for respondent.

BIRDZELL, J. The plaintiff contracted with the defendant to build for the latter a house, the defendant furnishing the materials. When the work was nearing completion a dispute arose as a result of which the plaintiff claims to have been prevented by the defendant from fully completing his contract and he brings this action to recover a balance claimed to be due for compensation under the contract and for extra labor alleged to have been performed. In the lower court the plaintiff had judgment for $228.90, interest and costs. The defendant

appeals from the judgment and from the order of the trial court denying his motion for a new trial.

The parties executed a written contract dated August 2, 1926, whereby the plaintiff agreed to erect and build for the defendant a dwelling house in a substantial and workmanlike manner and in all respects to the satisfaction of the latter who was to act as the "architect of the work" and to furnish the materials. It was stipulated in the contract that the defendant would have the privilege of doing 'at least twenty-five days' work upon the house at $3.50 per day. The plaintiff was to be paid certain installments as the work progressed. The contract was later amended in some respects not necessary to be noticed here. The contract was prepared by an employee of a bank in the vicinity and it is not as definite as such contracts should be. To illustrate:. Section 7 reads "The builder agrees to dig and construct a cistern well, six feet in diameter and twelve feet deep, and cement or concrete same, and the proprieter agrees to help in the digging of the cistern well for one day." A dispute later arose as to whether the completed cistern should be six feet in diameter or whether the well prior to its being lined should be six feet in diameter. Neither are there specifications concerning the thickness of the wall, or the construction of a filter—another bone of contention. One of the plaintiff's claims for extras is for the making of a larger cistern than the contract called for at the defendant's request and under an agreement, disputed by the latter, for extra pay. Other disputes arose concerning labor upon storm windows and screens, which are not mentioned in the contract or in the material list, concerning the laying of a subfloor upstairs, putting in balsam wool insulation, lathing and plastering in the attic, extra concrete walls and extra doors in the basement, and substituting concrete steps for wooden steps.

The plaintiff testifies, in substance, concerning each of his claims for extra pay, that before the work was done he expressly stated he would do it in the manner directed by the defendant provided the defendant would pay extra for it, contending that he was not obligated by the contract to do the work the defendant desired to have done and that in each instance up until the final disputes concerning the plastering the defendant assented and agreed to pay extra. This testimony was disputed by the defendant.

The main contention of the defendant and appellant is that the items for which the plaintiff has recovered additional compensation for extra work may not be regarded as extras under the contract, that the contract being in writing cannot be altered by a subsequent parol agreement and that the plaintiff was bound to perform in the manner he had performed in order to satisfy the defendant who had reserved the right to act as an architect in control of the work. Section 5938, Compiled Laws of 1913, provides that a contract in writing may be altered by a contract in writing or by an executed oral agreement and not otherwise. In so far as recovery has been had for extra work performed, the parol agreement under which it was performed—if such existed—was in each instance executed. The plaintiff does not rely upon an executory parol agreement. See Quinlivan v. Dennstedt Land Co. 39 N. D. 606, 168 N. W. 51, and cases therein cited. To the contention that the plaintiff was bound by his original contract to perform in the manner indicated in his claim for extra work and that the promise to pay additional compensation, if such promise was made, was without consideration (see Gaar, S. & Co. v. Green, 6 N. D. 48, 68 N. W. 318), it need only be stated that we do not agree with counsel's interpretation. The evidence shows that at the time of signing the contract a list of materials to be used in the building did not embrace storm windows, screens, balsam wool, etc. Neither are there any specifications which indicate that the plaintiff was to perform the added labor which the inclusion of these articles would entail. The most that can be said in favor of the contention of the appellant is that the contract is ambiguous in these respects and as so considered the parties at the time the various disputes arose assented to an interpretation which regarded these items as involving extra work for which compensation should be paid. They are bound by such interpretation. As is said in the quotation from Corpus Juris, upon which counsel for the appellant relies (9 C. J. § 186, pp. 848, 849), "As a general rule labor and materials cannot be regarded as extras for which the builder may recover, where they are contemplated by, or are incidental and necessary to, the execution of the contract, or which are rendered necessary by the builder's own negligence; and it must clearly appear that the work for which extra compensation is demanded was not embraced in the original contract of employment or

in the duties thereby imposed. *In determining whether alleged extra work was within the terms of the original contract, the construction placed on the contract by the parties is of great weight; and where they agree on additional compensation for certain work it precludes a claim that the original contract requires the performance of such work."* (Italics are ours.) A house can be completed without balsam wool insulation. It can even be completed without storm windows or screens. The steps approaching its outer doors can be made either of wood, of concrete or other materials. If a contract is made without specifications in these respects and it is later desired to put in the insulation or to have some part of the work done in a manner that requires labor in addition to that called for by the contract, there is clearly a basis for a claim for added compensation. Where such a claim is assented to it can scarcely be said that the work was required under the original contract.

There are some further specifications of error regarding work that the plaintiff omitted to do and for which the defendant was entitled to allowance, also regarding the measure of damages where it was claimed the plaintiff's work was defective. A careful examination of the record leads us to conclude that the defendant was not prejudiced in the particulars claimed. There is a further contention that the court erred in submitting to the jury a list of the extras claimed by the plaintiff. It is said that this involved the submission to the jury of papers other than those permitted to be taken to the jury room under § 7624 of the Compiled Laws of 1913. There is no merit in this contention for the reason that the list submitted by the court was in reality submitted as a part of its instructions. The statute does not purport to exclude from the jury room the instructions of the court. Where written instructions are given they may, of course, be placed in the hands of the jury to guide them in their deliberations.

The record shows that the defendant has had a fair trial. We find no error prejudicial to the defendant. The judgment and order appealed from must be affirmed. It is so ordered.

BURKE, Ch. J., and CHRISTIANSON, NUESSLE, and BURR, JJ., concur.